IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Christine M. Arguello**

Civil Action No. 20-cv-03149-CMA

GARY W. DODD,

    Applicant,

v.

DEAN WILLIAMS, Executive Director, DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

ORDER TO DISMISS IN PART, FOR ANSWER, AND FOR STATE COURT RECORD
_____

    Applicant, Gary W. Dodd, is in the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center in Canon City, Colorado. Mr. Dodd initiated this action on October 21, 2020, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 1) challenging the validity of the convictions and sentence imposed in the District Court of Jefferson County, Colorado, Case No. 16CR1999.

    In an October 26, 2020 Order, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). (Doc. No. 5). Respondents submitted a Pre-Answer Response on September 8, 2020. (Doc. No. 9). Applicant filed a Reply on November 18, 2020. (Doc. No. 10).

Mr. Dodd's filings are construed liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed in part.

**I. Background and State Court Proceedings**

In May 2017, Mr. Dodd was convicted by a jury in Case No. 16CR1999 of reckless manslaughter, violation of a protection order, and violation of bail bond conditions. (Doc. No. 9-1, at pp. 6-9). He was sentenced to an aggregate 14-year prison term. (*Id.* at p. 17). The Colorado Court of Appeals affirmed Mr. Dodd's convictions and sentence in *People v. Gary Walter Dodd,* No. 17CA1335 (Colo. App. Sept. 26, 2019) (unpublished) (Doc. No. 9-3). Mr. Dodd's petition for certiorari review was denied by the Colorado Supreme Court on January 27, 2020. (Doc. No. 9-5).

On March 2020, Mr. Dodd filed a post-conviction motion to correct an illegal sentence in the state district court pursuant to Colo. Crim. P. Rule 35(a). (Doc. No. 14-1). The district court denied the motion on April 17, 2020, concluding that the Colorado Court of Appeals had already ruled on the legality of Mr. Dodd's sentence in the direct appeal proceeding. (Doc. No. 14-2). Mr. Dodd thereafter filed a motion inquiring about the status of his Rule 35(a) motion. (Doc. No. 14-5). On July 22, 2020, the district court issued an order informing Applicant that the court had denied the Rule 35(a) motion in an April 17, 2020 order. (*Id.*). Mr. Dodd then filed a motion to withdraw his Rule 35(a) motion, which was granted by the state district court on September 14, 2020. (Doc. No.

14-8). Mr. Dodd's second motion to withdraw was denied by the state district court on October 20, 2020, on the ground that the motion had already been denied in April 2020. (Doc. No. 14-11).

Mr. Dodd filed his federal § 2254 Application on October 21, 2020. He claims in the Application that the trial court imposed an aggravated sentence in violation of state law and contrary to the federal due process principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004). (*See* Doc. No. 1, at pp. 7-19). Mr. Dodd also claims that the sentencing court's failure to comply with the Colorado sentencing statute in imposing an aggravated sentence constituted a separate violation of his federal due process rights, and that the Colorado sentencing statute itself is unconstitutional under *Apprendi* and *Blakely.* (*Id.* at pp 7-30).

In the Pre-Answer Response, Respondents concede that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). (Doc. No. 9, at p. 4). Respondents further concede that Applicant exhausted state court remedies for his claim that the trial court's imposition of an aggravated sentence violated the federal due process principles of *Apprendi* and *Blakely.* (*Id.* at p. 7). Respondents argue, however, that Applicant's remaining challenges to his sentence raise issues of state law only or were not exhausted in the state courts as federal constitutional claims and, therefore, are subject to an anticipatory procedural bar. (*Id.*).

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). *See also Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is barred from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will

4

result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A procedural rule is independent if it is based upon state law, rather than federal law. *Anderson v. Att'y Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody*, 146 F.3d 1257, 1259 [10th Cir.1998]). A state procedural rule is adequate if it was "'firmly established and regularly followed by the time as of which it is to be applied.'" *Id.* (quoting *Walker v. Att'y Gen.*, 167 F.3d 1339, 1344 (10th Cir.1999)). The applicant bears the burden of specifically alleging the inadequacy of a state procedural law. *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009).

An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

**III. Analysis**

Applicant's claim that his aggravated sentence violates Colorado law is not remediable in this 28 U.S.C. § 2254 proceeding. It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

With regard to the issue of whether Mr. Dodd exhausted state court remedies for his federal constitutional claims, the state court record reflects that Mr. Dodd raised the following arguments in his direct appeal proceeding: his aggravated sentence violates the due process principles of *Apprendi* and *Blakely* (Doc. No. 14-2, at pp. 13-15)*;* the state district court abused its discretion in imposing an aggravated sentence (*id.* at pp.

15-18); Applicant was not given adequate notice that he was subject to a sentence in the aggravated range (*id.* at p. 19); and, the prior-conviction exception to *Blakely* violates the federal and state Constitutions (*id.* at pp. 19-20).

The Colorado Court of Appeals understood Mr. Dodd to raise the following claims:

> Dodd argues that the court violated his right to due process by sentencing him in the aggravated range on the reckless manslaughter count because (1) an aggravated sentence was not justified under the circumstances; (2) he was not given adequate notice that he was subject to a sentence in the aggravated range; and (3) a sentence in the aggravated range based on his prior convictions was unconstitutional.

(Doc. No. 9-3, at p. 5).

The Court finds that Mr. Dodd exhausted state court remedies for his claim that the aggravated sentence imposed by the trial court violates the federal due process principles of *Apprendi* and *Blakely.* However, to the extent Mr. Dodd claims in his federal application that the sentencing court violated his federal due process rights by failing to comply with the Colorado sentencing statute in imposing an aggravated sentence (separate from his claim that the aggravated sentence violated the due process principles of *Apprendi* and *Blakely*), or that the Colorado sentencing statute itself is unconstitutional under *Apprendi* and *Blakely*, the Court finds that Mr. Dodd failed to exhaust the federal claims in the state courts.

Respondents argue that the unexhausted federal claims are subject to anticipatory procedural bar because if Mr. Dodd attempted to raise the allegations in a state post-conviction motion under Colo. Crim. P. Rule 35(c), the motion would be

denied summarily pursuant to Colo. R. Crim. P. 35(c)(3)(VII), which bars a claim that could have been raised in a prior appeal or postconviction proceeding.

Colo. Crim. P. Rule 35(c)(3)(VII) is independent of federal law and regularly applied by the Colorado appellate courts. *See Ellis v. Raemisch,* 872 F.3d 1064, 1093 n.7 (10th Cir. 2017) (proceeding "on the assumption that the provisions of Rule 35(c)(3)(VII) at issue here satisfy the independence and adequacy criteria"); *see also Welch v. Milyard,* No. 11-1214, 436 F. App'x. 861, 869 (10th Cir. 2011) (unpublished) ( "[W]ere Mr. Welch to attempt to raise this claim in the [Colorado] state trial court at this juncture, it would be dismissed [as successive pursuant to Colo. R. Civ. P. 35(c)(3)] . . . . Thus, Mr. Welch has procedurally defaulted his claim . . . . ") (citations omitted)); *Gonzales v. Hartley*, No. 10-1250, 396 F. App'x. 506, 508 (10th Cir. 2010) (unpublished) ("Because Colorado law now prevents him from presenting these claims, see Colo. R. Crim. P. 35(c)(3)(VII), all of Mr. Gonzales's current objections are procedurally defaulted.")

The Court finds that the unexhausted allegations are procedurally barred. Mr. Dodd argues in his Reply that he was unable to appeal the state district court's denial of his Rule 35(a) motion because of procedural irregularities in the district court. (Doc. No. 14-10, at pp. 2-3). However, in the Rule 35(a) motion, Mr. Dodd argued only that his aggravated sentence was imposed in violation of Colorado law, and made a passing reference to *Blakely v. Washington,* 542 U.S. 296 (2004). (*See* Doc. No. 14-1). Mr. Dodd did not contend in the Rule 35(a) motion that the sentencing court violated his federal due process rights by failing to comply with the Colorado sentencing statute in

7

imposing an aggravated sentence (separate from his claim that the aggravated sentence violated the due process principles of *Apprendi* and *Blakely*), or that the Colorado sentencing statute itself is unconstitutional under *Apprendi* and *Blakely*. (*Id.*). Therefore, the procedural irregularities in the state district court do not constitute "cause" for Applicant's failure to exhaust state court remedies for those claims.

Mr. Dodd does not allege any facts in his Application or the Reply to meet the cause and prejudice or fundamental miscarriage of justice standard in order to excuse his procedural default. *See Coleman*, 501 U.S. at 750. Therefore, the unexhausted allegations that the sentencing court failed to comply with the Colorado sentencing statute in imposing an aggravated sentence, in violation of Applicant's federal due process rights, and, that the Colorado sentencing statute itself is unconstitutional under *Apprendi* and *Blakely*, will be dismissed as procedurally barred.

Applicant's exhausted claim that his aggravated sentence violated the federal due process principles of *Apprendi* and *Blakely* will be resolved on the merits.

**III. Orders**

For the reasons discussed above, it is

ORDERED that Mr. Dodd's claims that the sentencing court violated his federal due process rights by failing to comply with the Colorado sentencing statute in imposing an aggravated sentence (separate from his claim that the aggravated sentence violated the due process principles of *Apprendi* and *Blakely*), and that the Colorado sentencing statute itself is unconstitutional under *Apprendi* and *Blakely*, are DISMISSED WITH PREJUDICE as procedurally barred. It is

FURTHER ORDERED that **within thirty (30) days of this order,** Respondents shall file an Answer that fully addresses the merits of Mr. Dodd's exhausted claim that the trial court's imposition of an aggravated sentence violated the federal due process principles of *Apprendi* and *Blakely*. It is

FURTHER ORDERED that Mr. Dodd may file a Reply within **thirty (30) days from the date that** Respondents file their Answer. It is

FURTHER ORDERED that, **within thirty (30) days from the date of this Order**, Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Jefferson County District Court case number 16CR1999, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims.   It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

>    Clerk of the Court
>    Jefferson County District Court
>    100 Jefferson County Parkway
>    Golden, Colorado 80419

      Office of the State Court Administrator
      CPR Unit Manager
      1300 Broadway
      Suite 1200
      Denver, CO 80203

DATED:   December 15, 2020

                                             BY THE COURT:

                                             _____
                                             CHRISTINE M. ARGUELLO
                                             United States District Judge