IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Christine M. Arguello**

Civil Action No. 20-cv-03149-CMA

GARY W. DODD,

    Applicant,

v.

DEAN WILLIAMS, Executive Director, DOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

ORDER RE: MOTION TO ADD CLAIM
_____

The matter before the Court is Applicant's "Motion Requesting Permission to Add to Habeas Corpus Petition" (ECF No. 25), filed on January 4, 2021. Respondents filed a Response to Applicant's Motion to Add Claim (ECF No. 29) on January 14, 2021. For the reasons discussed below, the Motion is granted.

**I. Background**

On October 21, 2020, Mr. Dodd filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 1) challenging the validity of the convictions and sentence imposed in the District Court of Jefferson County, Colorado, Case No. 16CR1999. Mr. Dodd claims in the Application that the trial court imposed an aggravated sentence in violation of state law and contrary to the federal due process principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington,* 542 U.S. 296 (2004) (*See* Doc. No. 1, at pp. 7-19). Applicant further claims that the state sentencing court's failure to comply with the Colorado sentencing statute

in imposing an aggravated sentence constituted a separate violation of his federal due process rights and that the Colorado sentencing statute itself is unconstitutional under *Apprendi* and *Blakely*. (*Id.* at pp 7-30).

In an October 26, 2020 Order, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). (Doc. No. 5). Respondents submitted a Pre-Answer Response on September 8, 2020. (Doc. No. 9). Applicant filed a Reply on November 18, 2020. (Doc. No. 10).

In the Pre-Answer Response, Respondents conceded that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d). (Doc. No. 9, at p. 4). Respondents further conceded that Applicant exhausted state court remedies for his claim that the trial court's imposition of an aggravated sentence violated the federal due process principles of *Apprendi* and *Blakely*. (*Id.* at p. 7). Respondents argued, however, that Applicant's remaining challenges to his sentence raise issues of state law only or were not exhausted in the state courts as federal constitutional claims and, therefore, are subject to an anticipatory procedural bar. (*Id.*).

In a December 15, 2020 Order (Doc. No. 22), the Court dismissed as procedurally barred Mr. Dodd's claims that the sentencing court violated his federal due process rights by failing to comply with the Colorado sentencing statute in imposing an aggravated sentence (separate from his claim that the aggravated sentence violated the due process principles of *Apprendi* and *Blakely*), and that the Colorado sentencing statute itself is unconstitutional under *Apprendi* and *Blakely*. The Court directed

Respondents to file an Answer, within 30 days, to the exhausted claim that the trial court's imposition of an aggravated sentence violated the federal due process principles of *Apprendi* and *Blakely*. *Id.* The Court thereafter granted Respondents an extension until February 15, 2020 to file their Answer. (Doc. No. 28).

## II. Motion to Add Claim

Mr. Dodd requests leave to add a claim that his aggravated range sentence violates due process because he was not given adequate notice that he was subject to a sentence in the aggravated range. (ECF No. 25). Respondents concede that Mr. Dodd exhausted this claim on direct appeal. However, they argue that the motion should be denied as untimely because it was filed over two months after Applicant submitted his § 2254 Application and Applicant has failed to provide any justification for the late amendment. (Doc. No. 29). Respondents do not argue that the proposed amended claim is time-barred under 28 U.S.C. § 2244(d)(1).

The Court agrees that Mr. Dodd should have raised the additional claim in his § 2254 Application. However, the Court is also mindful of Mr. Dodd's status as a *pro se* litigant. The claim was exhausted in the Colorado Court of Appeals (*see* Doc. No. 9-3, at pp. 5, 13-14) and is not time-barred under the AEDPA. Therefore, the Court declines to deny the motion as untimely and will allow the amendment. Respondents are not prejudiced by the late amendment because the Court will grant them additional time to file their Answer.

## III. Orders

For the reasons discussed above, it is

ORDERED that Applicant's "Motion Requesting Permission to Add to Habeas Corpus Petition" (ECF No. 25), filed on January 4, 2021 is GRANTED. It is

FURTHER ORDERED that, **within thirty (30) days of this order,** Respondents shall file an Answer that fully addresses the merits of Mr. Dodd's exhausted claims that: (1) the trial court's imposition of an aggravated sentence violated the federal due process principles of *Apprendi* and *Blakely*; and, (2) Applicant's federal due process rights were violated when he did not receive adequate notice before the trial court sentenced him in the aggravated range. It is

FURTHER ORDERED that Mr. Dodd may file a Reply within **thirty (30) days from the date that** Respondents file their Answer.

DATED:   January 19, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge